UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAYMOND ACRES,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE LAKE RANCHERIA, et al.,<br><br>    Defendants. | Case No. 16-cv-05391-WHO<br><br>**ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 33 |

**BACKGROUND**

In this case, plaintiff James Acres seeks to avoid tribal jurisdiction for a case filed against him in the Blue Lake Rancheria Tribal Court. He asserts that the bad faith exception to the general requirement that plaintiffs exhaust tribal remedies, before bringing federal actions of this kind, applies. Blue Lake Rancheria filed a motion to dismiss the case and on December 8, 2016, I issued an order permitting Acres to conduct limited discovery relevant to whether Judge Marston, the presiding judge in the tribal court matter, had acted in bad faith. Dkt. No. 30. On December 30, 2016, Blue Lake Rancheria filed a motion for leave to move for reconsideration, explaining that Judge Marston has issued a recusal order and will no longer be presiding over the tribal court matter. Motion for Leave "Mot." (Dkt. No. 33).

Acres opposes the motion, arguing that Marston's recusal order should not change the court's analysis because (1) the order is not certified and was sent through a gmail account; (2) Judge Marston admits in the order that he declared he was the tribe's attorney in the *Shiomoto* case; (3) Judge Marston will appoint the new tribal judge; and (4) Judge Marston's prior orders, including an order denying Acres' motion to dismiss, will still be in place. Opposition to Motion for Leave at 3 (Dkt. No. 33). Because I conclude that Blue Lake Rancheria has demonstrated a

change of material facts, its motion for leave is GRANTED.

## LEGAL STANDARD

Civil Local Rule 7-9(b) provides:

> A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9.  The moving party must specifically show reasonable diligence in bringing the motion and one of the following:
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before the entry of the interlocutory order for which reconsideration is sought.  The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

## DISCUSSION

At the time I issued the December 8, 2016 order, Judge Marston was the presiding judge in the tribal case and had issued an order declining to recuse himself.  On December 29, 2016, Judge Marston sent an order of recusal to the tribal court parties.  Order of Recusal, (Dkt. No. 33, Exhibit A).  Blue Lake Rancheria notes that an alternative judge will be appointed to handle the matter within 14 days, or by January 12, 2017. Mot. at 3.  Blue Lake Rancheria argues that Judge Marston's recusal order represents a material change in facts and the emergence of new facts since Acres' bad faith argument is primarily related to Judge Marston's conduct and potential conflicts of interest.  *Id.* at 4.  It notes that at the December 7, 2016 hearing on Blue Lake Rancheria's motion to dismiss I noted that if "Judge Marston withdrew and somebody else was on the bench" Blue Lake might have reason to seek reconsideration.  *Id.* at 3.

I agree with Blue Lake Rancheria that Judge Marston's recusal represents a material change in fact.  Blue Lake Rancheria was diligent in moving for leave as it filed its motion the day after Judge Marston sent his recusal order.  Acres' argument that Judge Marston's recusal does not resolve the bad faith issue is a substantive argument as to the merits of reconsideration and does

not impact whether Blue Lake Rancheria has met the requirements of Civil L.R. 7-9(b). Acres' objections will be considered in opposition to the motion for reconsideration.

## CONCLUSION

For the reasons outlined above Blue Lake Rancheria's Motion for Leave to File Motion for Reconsideration is GRANTED. Blue Lake Rancheria must file its motion for reconsideration by January 24, 2017. Its memorandum shall focus on why the Court should grant the motion to dismiss, Dkt. No. 10, in light of the emergence of the new material facts. Acres may file his substantive opposition by February 7, 2017. No reply is allowed absent further order by the Court. The hearing on the motion is set for February 22, 2016 at 2 p.m.

In light of Judge Marston's recusal, my prior order permitting limited discovery and a deposition of Judge Marston is STAYED in all respects and the deposition scheduled for January 23, 2017 is VACATED.

**IT IS SO ORDERED**.

Dated: January 11, 2017



WILLIAM H. ORRICK
United States District Judge

3