UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAYMOND ACRES,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE LAKE RANCHERIA, et al.,<br><br>    Defendants. | Case No. 16-cv-05391-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Dkt. No. 39, 8 |

## INTRODUCTION

Plaintiff James Acres seeks declaratory and injunctive relief against the Blue Lake Rancheria Tribe ("Tribe"), the Blue Lake Rancheria Tribal Court ("Tribal Court") and its Chief Judge, Lester Marston, alleging that the Tribal Court has conducted itself in bad faith in asserting jurisdiction over him in an underlying contractual fraud case because Judge Marston refused to recuse himself from the case and misrepresented his relationship with the Tribe. Judge Marston has now recused himself from the Tribal Court case and appointed the Hon. James Lambden, a retired California Court of Appeal Justice with no prior connection to the Tribe, to preside over the matter. Given Judge Marston's recusal and the appointment of a neutral judge, there is insufficient evidence of bad faith for the exception to apply. Acres does not meet any of the exceptions to the exhaustion requirement. He must exhaust his tribal remedies before bringing an action of this kind in federal court. The Tribe's motion to dismiss is GRANTED.

## BACKGROUND

In December, 2015, the Tribe brought a lawsuit against James Acres and his company, Acres Bonusing, Inc. in Tribal Court regarding a contract dispute. O'Neill Decl. (Dkt. No. 8-1). After the Tribe filed its case, Acres filed a federal action, seeking declaratory and injunctive relief from the Tribal Court's jurisdiction. O'Neill Decl. ¶ 3. I dismissed Acres's first case in August,

2016, concluding that he was required to exhaust his tribal remedies before seeking federal relief. O'Neill Decl. Ex. 1.

The case progressed briefly in Tribal Court before Acres filed the present action, again seeking declaratory and injunctive relief from the Tribal Court's jurisdiction. Compl. (Dkt. No. 1). Although it is undisputed that he has not exhausted his tribal remedies, Acres argues that the bad faith exception to the exhaustion requirement should apply because the presiding Tribal Court Judge, Judge Marston, failed to disclose that he had an attorney-client relationship with the Tribe and refused to recuse himself from the case in bad faith.

The Tribe moved to dismiss Acres's second complaint, arguing that the bad faith exception does not apply and that Acres must still exhaust his tribal remedies. I heard oral argument on the motion to dismiss on December 7, 2016. At the hearing I expressed concern that Judge Marston appeared to have filed inconsistent declarations in this case and in a California Superior Court Case titled *Blue Lake Rancheria v. Shiomoto* regarding his relationship with the Tribe. In this case Judge Marston filed a declaration stating "I have been the Tribal Court's Chief Judge, and only its Chief Judge, since March 15, 2007. I am not the Tribe's Tribal Attorney." Marston Decl. ¶ 3 (Dkt. No. 22). However, on November 5, 2015, in the *Shiomoto* case, Judge Marston filed a declaration stating "I am the attorney for the Plaintiffs, the Blue Lake Rancheria ('Tribe'), Jennifer Ann Ramos, and Arla Ramsey in the above-entitled action. I am also the Chief Judge of the Tribal Court of the Blue Lake Rancheria." Acres Decl. Ex. 2 ¶1 (Dkt. No. 25-2). Given this potential misrepresentation by Judge Marston concerning his relationship with the Tribe, I granted Acres leave to engage in limited discovery on the issue of bad faith. (Dkt. No. 30).

On January 24, 2017, the Tribe moved for reconsideration on the motion to dismiss. It explained that Judge Marston had recused himself from the case and appointed Justice James Lambden, a retired California Court of Appeal Justice, to hear the case in his place. Judge Marston's recusal order notes that he appointed Justice Lambden, who has no prior affiliation with the Tribe, because Acres had previously expressed concern that the other associate judges of the Tribal Court were tainted by Judge Marston's alleged bias as they were all associated with Judge Marston's law firm. The Tribe argues that the bad faith exception no longer plausibly applies

1  because Acres's allegations of bad faith centered around Judge Marston's conduct and Judge
2  Marston has removed himself from the case. Dkt. No. 39 at 6. Acres disputes that Judge
3  Marston's recusal has cured the bad faith he alleges. Dkt. No. 41 at 9. I heard oral argument on
4  the motion for reconsideration and motion to dismiss on February 22, 2017.

## DISCUSSION

The primary question at issue is whether this court lacks jurisdiction to hear Acres's claims because he has not yet exhausted his tribal remedies.

"Non-Indians may bring a federal common law cause of action under 28 U.S.C. § 1331 to challenge tribal court jurisdiction." *Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 846 (9th Cir. 2009). However, under the rules of comity, non-Indians must generally exhaust tribal remedies before bringing suit in federal court. *Id.* at 846. The Supreme Court has recognized four exceptions to this exhaustion requirement: "(1) when an assertion of tribal court jurisdiction is motivated by a desire to harass or is conducted in bad faith; (2) when the tribal court action is patently violative of express jurisdictional prohibitions; (3) when exhaustion would be futile because of the lack of an adequate opportunity to challenge the tribal court's jurisdiction; and (4) when it is plain that tribal court jurisdiction is lacking, so that the exhaustion requirement would serve no purpose other than delay." *Id.* at 847 (internal quotation marks, citations and modifications omitted).

Acres asserts that the bad faith exception applies to this case because Judge Marston concealed his ongoing role as the Tribe's attorney and misrepresented his relationship with the Tribe in his Non-Recusal Order. Dkt. No. 18 at 9. Acres contends that this alleged bad faith has not been cured by Judge Marston's recusal.

## I. THE BAD FAITH EXCEPTION

Although the Supreme Court and Ninth Circuit have both recognized the bad-faith exception to exhausting tribal remedies, the test for assessing bad-faith is not well defined. The Ninth Circuit's discussion in *Grand Canyon Skywalk Dev., LLC v. 'sa' Nyu Wa Inc.* comes closest to outlining a bad-faith standard. 715 F.3d 1196, 1201 (9th Cir. 2013).

In *Grand Canyon Skywalk*, the Ninth Circuit concluded that a federal court must look to

3

the conduct of the court itself, rather than the parties, in assessing bad faith. The *Grand Canyon Skywalk* court explained that when "a tribal court has asserted jurisdiction and is entertaining a suit, the tribal court must have acted in bad faith for exhaustion to be excused." *Id.* The court also noted that the district court should look to the "*proceeding* and the court overseeing that proceeding." *Id.* (emphasis in original).

The court also attempted to address what bad-faith is for the purposes of this test. It cited to the Black Law Dictionary definition that bad-faith means "[d]ishonesty of belief or purpose." *Id.* The court ultimately concluded that there was no evidence of bad faith and did not elaborate on what conduct might meet the bad-faith test.

The limited cases addressing the bad faith exception suggest that allegations of bias alone are insufficient to make a showing of bad faith. In *A & A Concrete, Inc. v. White Mountain Apache Tribe*, the Ninth Circuit concluded there was no evidence of bad faith where plaintiffs had alleged bias on the part of the Tribal Judge, because of her connection to the Tribe Council. 781 F.2d 1411, 1416-17 (9th Cir. 1986). In *Landmark Golf Ltd. Partnership v. Las Vegas Paiute Tribe*, the District of Nevada concluded there was no evidence of bad faith where plaintiffs alleged that any Tribal Court judge or juror would be biased because they would have a vested financial interest in the case's outcome. 49 F. Supp. 2d 1169, 1176 (D. Nev. Mar. 26, 1999). Similarly vague or general allegations of bad faith, without support are insufficient to sustain a bad-faith claim. *See e.g.*, *Fine Consulting, Inc. v. Rivera*, 915 F. Supp. 2d 1212 (D. N.M. Jan. 10, 2013) (motion asserting that plaintiffs must exhaust tribal remedies was not evidence of "bad faith").

While there are a handful of cases discussing circumstances that do not meet the bad faith exception, there are no cases outlining what facts would constitute bad faith. It appears that no court has ever found that the bad faith exception applies. *Construction and Application of Federal Tribal Exhaustion Doctrine*, 186 A.L.R. Fed. 71 § 2[a] n.10 (2003) (noting that "there are no cases adjudicating this point, except to note that the exception applies only to actions of the tribal courts, which has never been established by the evidence in any case . . . .").

4

## II. APPLYING THE BAD FAITH EXCEPTION

Given Judge Marston's recusal and the appointment of a neutral judge, I cannot conclude that this is the first case in which the bad faith exception should apply.

Acres's allegations revolve around Judge Marston's conduct and relationship to the Tribe. He alleges that Judge Marston is the Tribe's attorney, is biased against Acres, and is consequently asserting jurisdiction over Acres in bad faith. It is worth noting that the latter two allegations are unproven and, as to the first, it appears that Judge Marston's representation of the Tribe in the past was (at most) relatively limited. But regardless of the merits of those allegations, Judge Marston's voluntary recusal and the appointment of a neutral judge undercuts those allegations. Indeed, these developments evidence an attempt to provide Acres a fair and neutral proceeding in Tribal Court. Judge Marston cannot exercise jurisdiction over Acres in bad faith if he has recused himself.

Acres makes no allegations that Justice Lambden is not fair and neutral. In appointing Justice Lambden, Judge Marston noted that he was not appointing one of the associate Judges of the Tribal Court because Acres had expressed concern that they would be biased because they were all associated with Judge Marston. It appears that Judge Marston has made a real effort to address Acres's allegations of bias and has taken steps to ensure that the Tribal Court proceedings are presided over by a neutral outsider with no plausible bias against Acres or in favor of the Tribe. Justice Lambden has no previous relationship with the Tribe and there is no reason to believe Acres will not receive fair and impartial treatment as the Tribal Court case proceeds.

The bad faith exception does not apply to this case. Because I have previously determined that the futility and colorable claim exceptions do not apply, Acres has failed to meet an exception to the exhaustion requirement. *See Acres v. Blue Lake Rancheria*, No. 16-cv-2622-WHO, Dkt. No 48. Accordingly, this case must be dismissed.

5

**CONCLUSION**

For the reasons outlined above, the Tribe's motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

Dated: February 24, 2017

William H. Orrick
United States District Judge