UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAYMOND ACRES,<br><br>        Plaintiff,<br><br>    v.<br><br>BLUE LAKE RANCHERIA, et al.,<br><br>        Defendants. | Case No. 16-cv-05391-WHO<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 53 |

Plaintiff James Acres sought a determination, pursuant to 28 U.S.C. § 1331, that the Blue Lake Rancheria Tribal Court lacks jurisdiction over him in a contract dispute proceeding in Tribal Court. Dkt. No. 1. On February 24, 2017, I dismissed that claim because Acres failed to exhaust tribal remedies as required by considerations of comity and binding precedent. *See* Dkt. No. 50; *National Farmers Union Ins. Cos. V. Crow Tribe*, 471 U.S. 845, 857 (1985) (holding that district courts must decline jurisdiction to hear § 1331 claims "until after the Tribal Court has had a full opportunity to determine its own jurisdiction.") . Acres now applies for a Temporary Restraining Order against the Blue Lake Rancheria Tribal Court, seeking to enjoin the proceedings in his underlying Tribal Court case pending appeal of my dismissal Order. Dkt. No. 53.

Because my February 24, 2016 Order was an unconditional dismissal of this case, I retain no jurisdiction over the matter. *See O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) ("When the initial action is dismissed, federal jurisdiction terminates."). I therefore lack the authority to grant Acres's requested relief. Acres cites to *Natural Resources Defense Council Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001), for the proposition that "[t]he district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." But that case is inapplicable because there the district court had not dismissed the action and thus had not terminated federal jurisdiction. *Id.*

1   Even if I retained jurisdiction over this matter, the same considerations of comity that
2   required me to dismiss Acres's claim would prohibit me from issuing the requested relief.  As
3   comity requires that I grant the Tribal Court a full and fair opportunity to determine its own
4   jurisdiction, it also prohibits me from enjoining the Tribal Court from proceeding with such a
5   determination.

6   As this court lacks jurisdiction to grant the Temporary Restraining Order Acres requests,
7   and because such an order would violate the same principles of comity that required this case's
8   dismissal in the first instance, Acres's application is DENIED.

**IT IS SO ORDERED.**

Dated: March 28, 2017



William H. Orrick
United States District Judge